**Anthony Robert MARTIN-TRIGONA, Plaintiff,**

v.

**George DUNNE et al., Defendants.**

**No. 77 C 291.**

United States District Court, N. D. Illinois, E. D.

Jan. 28, 1977.

Anthony R. Martin-Trigona, pro se.

Raymond F. Simon, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

CROWLEY, District Judge.

Before the court is plaintiff's motion for a Temporary Restraining Order seeking to prevent the defendants from conducting a slatemaking meeting to endorse a candidate for mayor in the Democratic primary and subsequent special mayoral election to be held in the City of Chicago. Since plaintiff will have ample access to the city election procedures in as much as he may place his name in nomination in both the Democratic primary and the special election, it appears he will suffer no injury from the denial of his motion. Moreover, plaintiff has failed to convince the court that he will be likely to succeed on his claim that the defendants' actions will constitute "state action" for purposes of the fourteenth amendment. The defendants, individually and collectively are tha elected ward committeemen of the fifty wards of the City of Chicago. As such, they are servants of their respective political parties and not public officers. *People v. Brady* 302 Ill. 576, 135 N.E. 87 (1922). And, as members of the Municipal Central Committee they "enjoy a constitutionally protected right of political association." *Cousins v. Wigoda,* 419 U.S. 477, 487, 95 S.Ct. 541, 547, 42 L.Ed.2d 595 (1975). That right of association includes the right to gather for the purposes of endorsing candidates for politi-

cal office. *Cf. NAACP v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); *Bates v. The City of Little Rock,* 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960).

Therefore plaintiff's motion is hereby denied.